NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE L. WESLEY III, | No. 16-35852 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-03012-LRS |
| v. | |
| TOWN SQUARE MEDIA WEST CENTRAL RADIO BROADCASTING; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, District Judge, Presiding

Submitted May 11, 2018**
Seattle, Washington

Before: GOULD and IKUTA, Circuit Judges, and TUNHEIM,*** Chief District Judge.

Plaintiff Jesse Wesley III (Wesley) was fired by his employer, Townsquare

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Media West Central Radio Broadcasting (WCRB) in June 2013. He sued WCRB and related companies (collectively Defendants) for violating the Washington Law Against Discrimination (WLAD) by engaging in disparate treatment and retaliation.[1] The district court granted summary judgment for Defendants concluding that as a matter of law Wesley had not established a *prima facie* case of disparate treatment. Wesley then moved to amend the summary judgment order because the district court did not address the retaliation claim. When denying Wesley's motion to amend judgment, the district court concluded that Wesley would not be able to establish a *prima facie* case of retaliation. Wesley appeals both orders. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court.

Wesley contends that the district court erred by granting summary judgment for Defendants on his disparate treatment claim. We review *de novo* a district court's grant of summary judgment. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065 (9th Cir. 2003). The district court correctly concluded that Wesley could not establish a *prima facie* case for disparate treatment because he did not establish an element, that he was performing his job satisfactorily. *See Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cty.*, 404 P.3d 464, 470 (Wash. 2017). The

---

[1] Wesley alleged other claims, but did not appeal the district court's entry of judgment for Defendants on those claims.

2

undisputed evidence in the record showed that Wesley's team, for which he was responsible in his managerial position, was not meeting its budget goals in 2012–2013. Additionally, Wesley's team and his customers complained about his lack of attentiveness and leadership. The district court did not err by granting summary judgment for Defendants on Wesley's disparate treatment claim.

Wesley also contends that the district court erred by treating Defendants' motion for summary judgment as a case ending motion when Defendants had not moved for summary judgment on his retaliation theory of discrimination. We review for abuse of discretion a district court's denial of a motion to amend judgment. *See Int'l Rehab. Scis. Inc. v. Sebelius*, 688 F.3d 994, 1000 (9th Cir. 2012). Although the district court cursorily rejected Wesley's retaliation theory for the same reasons it rejected Wesley's claim for disparate treatment, the record supports the conclusion that Wesley did not establish a *prima facie* case of retaliation under the WLAD. Under section 49.60.210(1) of the Revised Code of Washington, an employee establishing a *prima facie* case of retaliation must allege that he or she opposed any practices forbidden by the statute, or filed a charge, testified, or assisted in any proceeding under the statute. *See Lodis v. Corbis Holdings, Inc.*, 292 P.3d 779, 787 (Wash. Ct. App. 2013). Wesley asserts that his protected activity was taking medical leave, but the act of taking medical leave is not a protected activity under the statute. There is no evidence that Defendants

3

opposed Wesley's request for leave or that Wesley made any complaints about Defendants' grant of leave. We affirm the district court's conclusion that Defendants were entitled to summary judgment on Wesley's retaliation claim.

**AFFIRMED.**